**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Christie Rashel Rumsower,<br>Plaintiff,<br>v.<br>Commissioner of Social Security Administration,<br>Defendant. | No. CV-25-08200-PCT-DWL<br>**ORDER** |

Plaintiff challenges the denial of her applications for benefits under the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed Plaintiff's opening brief (Doc. 12) and the Commissioner's answering brief (Doc. 14), as well as the Administrative Record (Doc. 11-1, "AR"), and now affirms the Administrative Law Judge's ("ALJ") decision.

I. Procedural History

Plaintiff filed applications for benefits in December 2022 and May 2023, in each instance alleging a disability onset date of May 1, 2021. (AR at 17.) The Social Security Administration ("SSA") denied Plaintiff's applications at the initial and reconsideration levels. (*Id.*) On November 5, 2024, following a telephonic hearing, the ALJ issued an unfavorable decision. (*Id.* at 17-25.) The Appeals Council later denied review. (*Id.* at 1-3.)

II. The Sequential Evaluation Process and Judicial Review

To determine whether a claimant is disabled for purposes of the Act, the ALJ

follows a five-step process. 20 C.F.R. § 416.920(a). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant has engaged in substantial, gainful work activity. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 416.920(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 416.920(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to step four, where the ALJ determines whether the claimant is still capable of performing past relevant work. *Id.* § 416.920(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 416.920(a)(4)(v). If not, the claimant is disabled. *Id.*

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (internal quotations omitted). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

III. The ALJ's Decision

The ALJ concluded that Plaintiff had not engaged in substantial, gainful work

activity since the alleged onset date and that Plaintiff had the following severe impairments: "osteoarthritis and obesity." (AR at 19-20.)[1] Next, the ALJ concluded that Plaintiff's impairments did not meet or medically equal a listing. (*Id.* at 21.) Next, the ALJ calculated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently climb stairs and occasionally climb ladders. She can frequently stoop, kneel, crouch, and crawl. She can frequently reach, gross handle, and fine finger bilaterally.

(*Id.* at 21.)

As part of this RFC determination, the ALJ evaluated Plaintiff's symptom testimony, concluding that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.* at 22.) The ALJ also evaluated opinion evidence from various medical sources, concluding as follows: (1) Gregory Hunter, M.D., consultative examiner ("persuasive"); and (2) unidentified State Medical Consultants ("not persuasive"). (*Id.* at 23.)

Based on the testimony of a vocational expert ("VE"), the ALJ concluded that although Plaintiff had no past relevant work, she was capable of performing three jobs that exist in significant numbers in the national economy: (1) cashier 2; (2) cafeteria attendant; and (3) marker. (*Id.* at 24-25.) Thus, the ALJ concluded that Plaintiff was not disabled. (*Id.* at 25.)

## IV. <u>Discussion</u>

Plaintiff raises only one issue on appeal: whether the ALJ failed to provide legally sufficient reasons for rejecting her symptom testimony. (Doc. 12 at 2.) As a remedy, Plaintiff argues that "[t]he court should reverse the decision of the Commissioner and remand for the correction of the legal errors." (*Id.* at 11.)

---

[1] The ALJ also determined that Plaintiff had the non-severe and/or not medically determinable impairments of heart problems, hearing problems, sleep apnea, and migraines. (AR at 20-21.)

A. **Standard Of Review**

Under Ninth Circuit law, an ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted). If so, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (citation omitted). Instead, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" only by "offering specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015) (citation omitted).

B. **Plaintiff's Symptom Testimony**

As summarized in the ALJ's decision, Plaintiff "claims she is unable to work because she cannot lift 50 pounds consistently and cannot stand, be on her feet, or sit for long periods of time. [Plaintiff] reported she has limitations in lifting, squatting, standing, walking, sitting, kneeling, using stairs, seeing, completing tasks, concentration, and using her hands. [Plaintiff] testified she can sit for no more than 30 to 45 minutes because her feet go numb and can be on her feet no more than 15 minutes. She testified she can lift no more than 15 pounds. She claimed her pain comes and goes, but that she has approximately 18 bad days per month. [Plaintiff] also testified she has migraines three or four times per month lasting two to three days." (AR at 22.)

C. **The ALJ's Evaluation Of Plaintiff's Symptom Testimony**

The ALJ provided two reasons for discounting Plaintiff's testimony. First, the ALJ stated that Plaintiff's testimony was inconsistent with the objective medical evidence in the record. (AR at 23 ["[Plaintiff's] allegations that she can be on her feet only very short periods is not consistent with the examinations showing normal gait and strength. The record showed rare limping gait, but that was after an acute injury, and examinations before and after that were normal. The record also does not show objective evidence of significant difficulty sitting to support her allegation that she can sit only a short period due to her feet

going numb. The record showed normal range of motion in the back, negative straight leg raise, and normal sensation in the extremities."].) In support of these conclusions, the ALJ noted:

> At a consultative examination in August 2023, [Plaintiff] reported her greatest concern was arthritis affecting her fingers, wrists, shoulders, low back, knees, and right ankle. There, examination showed no bony abnormalities in the shoulders, elbows, hips, knees, or fingers. [Plaintiff] was able to lean forward, back, left, and right with the low back without pain and had negative straight leg raise. [Plaintiff] had normal strength in all extremities and normal range motion in all joints. She had normal gait and station and was able to walk on heels and toes without difficulty.

(*Id.* at 22.) The ALJ added: "In January 2024, [Plaintiff] reported a history of back pain with lower back muscle spasms. Physical examination in January 2024 showed normal range of motion throughout, no joint swelling or tenderness, and normal gait. At a follow-up in April 2024, [Plaintiff] denied numbness or tingling but reported she had once had back pain with numbness and tingling down her arms. Physical examination was again normal." (*Id.*)

Second, the ALJ stated that Plaintiff's failure to seek regular or consistent treatment was also discrediting: "[T]he record does not show the claimant regularly or continuously seeking medical treatment. Instead, the record shows only sporadic reports of joint or back pain. The record also shows no significant treatment for migraines or other alleged impairments." (*Id.* at 23.)

D. **The Parties' Arguments**

Plaintiff argues that the "ALJ impermissibly rejected [her] subjective symptom testimony." (Doc. 12 at 5.) According to Plaintiff, "[b]eyond a discussion of the objective medical evidence, it does not appear that the ALJ actually offered any legitimate rationale to reject the testimony of [Plaintiff]. A discussion of the objective medical evidence in and of itself is insufficient to reject the testimony. The [relevant] standard requires consideration of excess pain not simply the degree of pain limitation established by the objective medical evidence." (*Id.* at 8.) Plaintiff adds: "[B]eyond the conclusory statement

that the objective evidence does not support the testimony, the ALJ nowhere connects any of [Plaintiff's] testimony to the ALJ's analysis." (*Id.* at 9.) Plaintiff concludes: "Rejecting a claimant's testimony simply because it is inconsistent with the objective medical evidence and residual functional capacity is plainly disallowed." (*Id.* at 10-11.)

In response, the Commissioner argues that "Plaintiff's confusion about the ALJ's decision cannot merit remand." (Doc. 14 at 1-2.) First, the Commissioner argues that the ALJ permissibly found a conflict between Plaintiff's testimony and the objective medical evidence, as the ALJ specifically contrasted some of Plaintiff's testimony (such as that she can be on her feet for only very short periods and has difficulty sitting) with specific examination results that showed normal gait, strength, range of motion, and sensation. (*Id.* at 4-5.) Second, the Commissioner argues that the ALJ also permissibly found a conflict based on Plaintiff's failure to pursue consistent treatment. (*Id.* at 5-6.) The Commissioner notes that "Plaintiff does not acknowledge the ALJ's reasoning" as to this issue. (*Id.* at 6.)

Plaintiff chose not to file a reply.

E. **Analysis**

The Court finds no harmful error in the ALJ's evaluation of Plaintiff's symptom testimony. The ALJ's first proffered reason for the adverse credibility finding was that Plaintiff's testimony was inconsistent with the objective medical evidence. This is, in general, a permissible basis for an adverse credibility finding, at least when it is coupled with other reasons. *See, e.g., Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("Claimants like Smartt sometimes mischaracterize [Ninth Circuit law] as completely forbidding an ALJ from using inconsistent objective medical evidence in the record to discount subjective symptom testimony. That is a misreading of [Ninth Circuit law]. When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony. We have upheld ALJ decisions that do just that in many cases.") (citations omitted); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.")

(citation omitted); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

The ALJ's finding of inconsistency with the objective medical evidence was also supported by substantial evidence. Plaintiff's assertion that the ALJ merely provided a summary of the medical evidence without explaining how it contradicted her testimony is belied by the record. The ALJ identified specific examination results (for example, the April 2024 examination at which Plaintiff denied numbness or tingling, with the exception of one instance of tingling down her arms)[2] and rationally explained why they were inconsistent with specific portions of Plaintiff's symptom testimony (for example, Plaintiff's testimony that she can only sit for short periods of time due to her feet going numb).[3] (AR at 22-23.)

The ALJ's second proffered reason for the adverse credibility finding was Plaintiff's failure to seek treatment. (*Id.* at 23 ["The record does not show [Plaintiff] regularly or continuously seeking medical treatment. Instead, the record shows only sporadic reports of joint or back pain. The record also shows no significant treatment for migraines or other alleged impairments."].) This is also a permissible basis for discrediting a claimant's symptom testimony under Ninth Circuit law. *See, e.g., Chaudry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (affirming ALJ's rejection of symptom testimony in part because "Chaudhry repeatedly failed to seek treatment . . . or follow prescribed courses of treatment"); *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) ("Our case law is clear that if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated.").

In her opening brief, Plaintiff fails to acknowledge that the ALJ provided this

---

[2] This record appears at AR 396.

[3] This testimony appears at AR 42.

additional rationale for discrediting her testimony. Plaintiff has thus forfeited any objection to the sufficiency of the ALJ's failure-to-seek-treatment rationale.

Accordingly,

**IT IS ORDERED** that the decision of the ALJ is **affirmed**. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 8th day of September, 2026.

Dominic W. Lanza
United States District Judge